**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., FKA Northwest Bank Minnesota, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., Solely as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1, | No. 19-16181 |
| | D.C. No. 2:18-cv-00494-APG-BNW |
| Plaintiff-Appellant, | MEMORANDUM[*] |
| v. | |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 5, 2022
Submission Vacated and Deferred December 13, 2022
Resubmitted April 2, 2024
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KELLY,[**] IKUTA, and CHRISTEN, Circuit Judges.

Wells Fargo Bank, N.A. (Wells Fargo) appeals the district court's grant of summary judgment to Commonwealth Land Title Insurance Company (Commonwealth) on Wells Fargo's claims for coverage under its title insurance policy and denial of its motion under Rule 56(d) of the Federal Rules of Civil Procedure. Wells Fargo's deed of trust was extinguished after a homeowners association (HOA) enforced its statutory superpriority lien for delinquent assessments. We review its claims de novo. *See Bank of N.Y. Mellon v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1231 (9th Cir. 2021); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291. We held this appeal in abeyance pending decisions of the Nevada Supreme Court, and we now affirm.[1]

Wells Fargo identifies three potential sources of coverage in the policy: the basic insuring provisions, the CLTA 100 endorsement, and the CLTA 100.13

---

[**] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[1] The parties' unopposed motions for judicial notice are granted. Wells Fargo's motion to strike is denied.

endorsement.[2]  None extends coverage to its claim under the reasoning of *Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Ins. Co.*, 536 P.3d 915, 925 (Nev. 2023).

The basic insuring provisions cover losses due to "the priority of any lien or encumbrance over the lien of the insured mortgage," but losses due to liens "attaching or created subsequent to Date of Policy" in 2006 are excluded by Exclusion 3(d).  The superpriority lien that extinguished Wells Fargo's deed of trust arose in 2009, when the HOA assessment became due and went unpaid.  *See id.*  Therefore, the district court correctly concluded that the basic insuring provisions did not cover Wells Fargo's claim.  The district court's reliance on Exception 17 was harmless error.

Wells Fargo's claim is not covered by CLTA 100, which insures against covenants, conditions, or restrictions (CC&Rs) "under which the lien of the mortgage . . . can be cut off, subordinated, or otherwise impaired," and against violations of the CC&Rs that may "result in impairment or loss of the lien of the mortgage."  These provisions require "some aspect of the at-issue CC&Rs" to cause a loss.  *Id.* at 926.  Under *Deutsche Bank*, however, the subordination of Wells Fargo's deed of trust must be attributed to Nevada Revised Statutes section 116.3116.  *See id.*  Wells Fargo argues that the CC&Rs are a concurrent cause of

_____

[2] Wells Fargo abandoned its claim to coverage under CLTA 115.2.

3

its loss because they incorporate the statutory superpriority provision. This is incorrect: the CC&Rs provide that assessment liens are prior to all other liens "*except for* . . . a first Mortgage Recorded before the delinquency of the Assessment sought to be enforced," and that assessment liens are "*otherwise* subject to [section] 116.3116." *Deutsche Bank* understood such terms to "support[] the conclusion that the covenant itself does not provide for the subordination . . . of [a] deed of trust" and so does not cause a loss covered by CLTA 100. *Id.*

Wells Fargo's argument as to coverage under CLTA 100.13 also fails. CLTA 100.13 insures against "the lack of priority of the lien of the insured mortgage over the lien of any assessment which may be fixed or levied prior to acquisition of title by the insured, pursuant to the [CC&Rs]." Wells Fargo acknowledged in its post-*Deutsche Bank* briefing that "CLTA 100.13 provides coverage where the insured mortgage loses its priority to a lien created by the CC&Rs." *Deutsche Bank*, however, held that section 116.3116 "created the superpriority piece" of the assessment lien and that "only [section] 116.3116 governs its creation and effect." *Id.* Therefore, the lien subordinating Wells Fargo's deed of trust was a statutory lien, not one created by the CC&Rs, and so was not covered under CLTA 100.13.

Because neither the basic insuring provisions nor the endorsements extend coverage to Wells Fargo's claim, we affirm the district court's grant of summary judgment as to breach of contract. We consequently affirm the district court's grant of summary judgment as to tortious breach of the implied covenant of good faith and fair dealing as well. In its Rule 56(d) motion, Wells Fargo sought discovery related to intent, which runs to this tort claim. Because the tort claim is foreclosed on other grounds, any error by the district court in denying the motion was harmless.

**AFFIRMED.**